UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL OLIVAS, <br><br>　　　　　Plaintiff,<br>　　v.<br>GOLDER 1 CU, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-01243-DJC-CKD <br><br><br>ORDER |

Defendant Trans Union, LLC ("Trans Union") moves for judgment on the pleadings as to Plaintiff Raul Olivas's claims that they are inaccurately reporting the pay status of a closed mortgage account on his credit report as currently "60 Days Past Due." Trans Union argues their reporting is accurate as a matter of law because the account was 60 days past due at the time it was closed in December 2018, and the report reflects that this was the historical, not current, pay status.

Having considered the Parties' briefing and arguments, the Court agrees with Trans Union, and will GRANT judgment in Trans Union's favor on Plaintiff's claims.

**BACKGROUND**

In 2018, Plaintiff had a mortgage account ("Account") serviced by Golden 1 Credit Union. (Compl. (ECF No. 1-3) ¶ 5.) In December 2018, the Account was paid in full and closed with a $0 balance. (*Id.* ¶¶ 6–7.) At the time the Account was closed, it

was reporting as 60 days past due. (*Id.* ¶ 8.) Plaintiff alleges that, "[d]espite the debt being paid in full, Golden 1 has been reporting to TransUnion and Equifax that Plaintiff's payment status is currently late by greater than 60 days throughout 2020 and 2021." (*Id.*)

On or about October 2020, Plaintiff sent a dispute letter to Trans Union disputing the pay status on the Account. (*Id.* ¶ 12.) In response, Trans Union notified Golden 1 Credit Union, who advised Trans Union to continue reporting the pay status of the Account as 60 days past due. (*Id.* ¶¶ 13-14.) Trans Union has continued to do so. (*Id.* ¶ 15; *see also* Roberts Decl. (ECF No. 19-2), Ex. A.)

Based on these allegations, Plaintiff claims that Trans Union negligently and willfully violated the Fair Credit Reporting Act ("FCRA") by failing to ensure the accuracy of the information it reported under 15 U.S.C. § 1681e(b), and by failing to conduct a reasonable investigation once Plaintiff brought inaccuracies to its attention under 15 U.S.C. § 1681i. (Compl. ¶¶ 29-35.) Plaintiff also claims Trans Union violated California's corollary to the FRCA, the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785.1 *et seq.* (*Id.* ¶¶ 51-56.)

Trans Union brought this Motion for Judgment on the Pleadings on July 24, 2024, seeking dismissal of all claims against them. (Mot. J. Pleadings (ECF No. 19).) The Court held a hearing on October 3, 2024, with Robert Sibilia appearing for Plaintiff, and Jason Roberts appearing for Trans Union. The Court took the matter under submission.

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that

have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). However, a district court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

**DISCUSSION**

The FCRA was enacted in order to ensure fair and accurate credit reporting. *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 755 (9th Cir. 2018). To assert a claim under sections 1681e(b) or 1681i of the FCRA—alleging either that a consumer credit report is inaccurate or that a credit reporting agency did not conduct a proper reinvestigation to determine whether the disputed information is inaccurate—a plaintiff must plead the existence of a factual inaccuracy within their report. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Carvalho v. Equifax*

*Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).  Information in a credit report is inaccurate if it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."  *Carvalho*, 629 at 890–91.  "[I]nformation is only materially misleading when it is 'open to an interpretation that is directly contradictory to the true information.'"  *Sanchez v. JPMorgan Chase Bank NA*, 643 F. Supp. 3d 1025, 1033 (D. Ariz. 2022) (quoting *Gross v. Private Nat'l Mortg. Acceptance Co.*, LLC, 512 F. Supp. 3d 423, 427 (E.D.N.Y. 2021)).

Similarly, inaccuracy is a required element for a CCRAA claim as the statutory language requires that the information reported be "incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  In general, the CCRAA "mirrors" the FCRA, such that a CCRAA claim survives only to the extent that a FCRA claim survives.  *See Guimond*, 45 F.3d at 1335; *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003).

Plaintiff alleges Trans Union reported an inaccuracy on his credit report because they reported that his Account was currently "60 Days Past Due" even after the Account was paid off and closed in December 2018.  (Compl. ¶¶ 5–16.)  Plaintiff alleges this inaccuracy will cause him to have a lower credit score, thereby hurting his creditworthiness and ability to obtain credit.  (*Id.* ¶¶ 10–11, 16.)

Trans Union argues that Plaintiff has failed to plead any factual inaccuracy in his credit report because the Account was 60 days past due at the time it was closed in December 2018, and it is clear from the credit report that this was the historical, not current, pay status on the Account.  (Mot. J. Pleadings at 4–9.)  Trans Union argues numerous other courts have examined nearly identical allegations and have concluded that reporting a historical pay status on a closed account with a $0 balance is not inaccurate or misleading.  (*Id.* at 9–12.)  Thus, Trans Union urges the Court to dismiss Plaintiff's claims.  (*Id.* at 12.)

The Court finds that Plaintiff has failed to plead any inaccuracy in his credit report.  To state a claim under the FCRA, a plaintiff must show an inaccuracy in their credit report that is "patently incorrect or materially misleading."  *Zavala v. Trans*

4

*Union, LLC*, No. 2:20-cv-02276-TLN-DB, 2023 WL 6387220, at *2 (E.D. Cal. Sept. 29, 2023).  To evaluate whether information in a report is patently incorrect or materially misleading, courts consider the report in its entirety.  *See Sanchez*, 643 F. Supp. 3d at 1033–34 (collecting cases supporting the proposition that "the Court must view the report as a whole" to determine whether information is inaccurate or misleading).

Here, Trans Union provides a copy of the investigation report it sent to Plaintiff on October 16, 2020, in response to his letter disputing the pay status on the Account.[1]  (*See* Roberts Decl., Ex. A.)  Therein, Trans Union confirmed that Plaintiff's credit report shows the Account balance as $0.  (*Id.*)  The credit report also shows the last update to the Account was on December 28, 2018, at which point the pay status was "Account 60 Days Past Due Date," and that the Account was closed on December 28, 2018, following the last payment received that same day.  (*Id.*)  Further, the credit report includes a notation that the Account had a "Maximum Delinquency of 60 days in 12/2018."  (*Id.*)

Viewing these facts as a whole, the Court finds that no reasonable reader of Plaintiff's credit report could interpret the "60 Days Past Due" pay status as being reflective of the Account's *current* status given that the Account was closed on December 28, 2018, with a $0 balance and a remark that the Account had a maximum delinquency of 60 days in 2018.  These details clearly show that the Account is closed and paid off, with no amount currently due.  This conclusion is supported by the weight of case law in this circuit.  *See, e.g., Sanchez*, 643 F. Supp. 3d at 1036 (concluding a pay status of "Account 120 Days Past Due Date" on plaintiff's credit report was neither patently inaccurate nor materially misleading when her report showed the account's balance was zero, the last payment was made in September 2018, the account was closed in 2018, and nowhere did the report state that it was

---

[1] Exhibit A to the Roberts Declaration is incorporated by reference in the Complaint.  Thus, the Court may take note of its contents without the need to convert this Motion into a Motion for Summary Judgment.  *See Al- Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 866 (N.D. Cal. 2022).

reporting a "current" pay status); *see also Cassity v. TransUnion, LLC*, No. 6:20-cv-02139-MK, 2021 WL 4166340, at *3–4 (D. Or. July 26, 2021), *report and recommendation adopted*, 2021 WL 4166323 (D. Or. Sept. 13, 2021) (dismissing plaintiff's FCRA claims even though her credit report stated an account had a "Payment Rating: 6-180 or more days past the due date" because the account was transferred and closed on October 27, 2017, with a $0 balance and $0 past due, which, read together, made it implausible to think plaintiff was currently behind on her payments); *Espinoza v. Trans Union*, No. CV-22-01670-PHX-DWL, 2023 WL 6216550, at *2–6 (D. Az. Sept. 25, 2023) (finding credit report was "neither inaccurate nor misleading to a reasonable reader" when plaintiff's account had a $0 balance, was last updated on June 9, 2022, was closed on June 9, 2022, and the "Pay Status" of the account was "Paid, Closed; was 60 days past due date").

The Court is particularly persuaded by the district court's opinion in *Zavala*, in which the court granted judgment on the pleadings in Trans Union's favor on virtually the same facts as those at issue here. In *Zavala*, the plaintiff alleged that Trans Union reported a closed M&T Bank account as 120-days past due at a time when the same account was reporting with a $0 balance and was closed in August 2018. 2023 WL 6387220, at *1. The court found that the pay status was not inaccurate or misleading because, reading the account information as a whole, the court reasoned that where there are "other clear indicators within the reports that the balance is $0, the account is closed, and there are no future payments scheduled" then the report does not misleadingly suggest a current late status. *Id.* at *3. In so finding, the *Zavala* court relied on the Third Circuit's opinion in *Bibbs v. Trans Union, LLC*, which held that credit reports showing a "Past Due" account status are not inaccurate or misleading as a matter of law when the account is reported as "closed" with a $0 balance. *See* 43 F.4th 331, 345 (3d Cir. 2022).

Plaintiff does not argue that Trans Union's reporting is inaccurate because the Account was not past due when it was closed in 2018. Rather, he argues their

reporting is misleading because there is no clear indication in the report that the pay status on the Account is historical, not current. (Opp'n Mot. J. Pleadings (ECF No. 30) at 3–4.) Plaintiff argues it is too early in the litigation to deem whether the pay status is inaccurate or misleading, as reasonable creditors could interpret the report differently, pointing to similar cases where courts have found it premature to make a determination of accuracy based on pleadings alone. (*Id.* at 4–12.)

In particular, Plaintiff relies on *Soler v. Trans Union, LLC*, No. CV 20-8459 DSF (PLAx), 2020 WL 7237256 (C.D. Cal. Dec. 1, 2020), where the court denied dismissal of plaintiff's claims under sections 1681(e)(b) and 1681(i) of the FCRA when plaintiff pled her credit report showed closed accounts with a $0 balance but a pay status of 120 days past due, reasoning "there is no definitive statement or guideline on the Credit Report indicating what 'pay status' means," and "[w]ithout Trans Union's annotation, explanation, and supplemental documentation, a jury could find that the Credit Report on its face is misleading in such a way that it adversely affects Soler's credit." *Id.* at *2–3.

The Court finds *Soler* unpersuasive, as the *Soler* court did not analyze the plaintiff's credit report as a whole, but rather focused on the meaning of the pay status in isolation. And as Trans Union points out, *Soler* and the other cases cited by Plaintiff largely predate the Third Circuit's decision in *Bibbs*, a fact on which district courts in this circuit, including *Zavala*, have now relied in dismissing similar claims. *See, e.g., Zavala*, 2023 WL 6387220, at *4; *Espinoza*, 2023 WL 6216550, at *6. Plaintiff attempts to distinguish *Bibbs* in his papers, arguing the account balance in that case was transferred to a different creditor, unlike here where Plaintiff paid off his balance before the Account was closed. Plaintiff further reasons that some courts have observed the "inherent unfairness of an account continuing to report someone as past due when they've actually made the effort to pay off the account." (Opp'n Mot. J. Pleadings at 11.) However, the reasoning in *Bibbs* was subsequently applied by the Third Circuit in *Ostrander v. Trans Union, LLC*, a case where, like here, the balance was

7

paid off at closing rather than being transferred.  See No. 20-5227, 2021 WL 3271168 (E.D. Pa. July 30, 2021), aff'd, No. CV 21-2443 (3d Cir. Jan. 4, 2023) (affirming the district court's holding that reporting a past due status on a paid and closed account with a $0 balance is neither inaccurate nor misleading as a matter of law).  As observed by the court in Zavala, "there is no distinction between cases where balances were paid in full versus transferred." 2023 WL 6387220, at *3.  The Court finds Ostrander and Zavala persuasive on this point.

Accordingly, the Court holds that Plaintiff has failed to establish there is an inaccuracy in his credit report and will grant judgment in Trans Union's favor.

## LEAVE TO AMEND

Courts have discretion to grant a motion for judgment on the pleadings with leave to amend.  Lonberg, 300 F. Supp. 2d at 945.  Generally, granting leave to amend is proper unless it is clear that "the complaint could not be saved by any amendment."  See Intri-Plex Techs. v. Crest Grp., 499 F.3d 1048, 1056 (9th Cir. 2007).

Here, the Court finds leave to amend would be futile.  Plaintiff has alleged no new facts in his Opposition, nor has he otherwise demonstrated he may be able to plead inaccuracy in Trans Union's reporting.  Therefore, the Court declines to grant leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Trans Union's Motion for Judgment on the Pleadings (ECF No. 19) without leave to amend.  The Clerk of Court is directed to enter judgment in Trans Union's favor.

IT IS SO ORDERED.

Dated:   **October 21, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE